UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BUSHRA AHMED,

                          Plaintiff,

        - against -

POLICE OFFICERS OF 103 PRECINCT;
COMMISSIONER JESS DANNHAUSER,
Commissioner Administration for Children's
Services; ANDREA AGUIRRE, Child Protective
Specialist, ACS,

                          Defendants.
-------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**23 CV 950 (EK)(LB)**

**BLOOM, United States Magistrate Judge:**

      *Pro se* plaintiff commenced this fee-paid civil rights action under 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York on January 23, 2023.[1] ECF No. 1. The action was transferred to this Court on January 30, 2023. ECF No. 6. As plaintiff has not filed proof of service of process on defendants, I respectfully recommend that the Court should dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

      Plaintiff also filed a petition for a writ of habeas corpus directly in the United States Court of Appeals for the Second Circuit seeking the return of her minor child. ECF No. 14. The Second Circuit transferred the petition to this Court. Id. As federal habeas corpus relief is not available to challenge the state court's child custody determination, I recommend that the Court should dismiss the request for habeas corpus relief.

---

[1] On January 17, 2023, plaintiff filed a substantially similar fee-paid complaint against Commissioner Dannhauser and Aguirre in this Court. See Ahmed v. Dannhauser, No. 23-CV-297(EK)(LB). In both actions, plaintiff seeks the return of her minor child, who was taken into the custody of the New York City Administration of Children's Services following the filing of a neglect petition in Queens County Family Court.

1

**I.      Rule 4(m) dismissal**

Plaintiff paid the filing fee to commence this action and is therefore responsible to serve defendants with process. ECF No. 1. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Court notified plaintiff that pursuant to Federal Rule of Civil Procedure 4(m), she was required to serve defendants and file proof of proper service with the Court by April 24, 2023.[2] ECF No. 10. Summonses for the named defendants were issued on March 3, 2023. ECF No. 13.

Plaintiff did not file proof of service of process on the named defendants by April 24, 2023. On August 16, 2023, the Court ordered plaintiff to file proof of proper service by September 1, 2023, and notified plaintiff that if she failed to do so, or failed to show good cause why proper service on defendants had not been made by that date, I shall recommend that the case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 15.

The Court's record does not reflect any response by plaintiff. As plaintiff has failed to file proof of proper service on defendants or show good cause why service on defendants was not timely made, it is respectfully recommended that plaintiff's action should be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

---

[2] The Court also directed the Corporation Counsel of the City of New York ("Corporation Counsel") to identify the John Doe officers alleged to have been involved in the January 12, 2023 removal of plaintiff's child. Id. On February 24, 2023, Corporation Counsel informed the Court that it was unable to comply with the Valentin Order because the named defendants had not yet been served. ECF No. 11. The Court stayed Corporation Counsel's deadline to respond to the Valentin Order pending service on the named defendants. ECF No. 12.

##  II.   Habeas corpus relief

On the same day that she filed the instant complaint, plaintiff filed a writ of habeas corpus directly with the United States Court of Appeals for the Second Circuit seeking to compel the return of her minor child. ECF No. 14. The Second Circuit transferred the petition to this Court and noted that this Court may consider this matter together with the instant action, 23-CV-950(EK)(LB), as well as plaintiff's other pending civil rights action, 23-CV-297(EK)(LB). Id.; see also 28 U.S.C. § 2241(a)–(b) (providing that "any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application . . . to the district court having jurisdiction to entertain it"); Fed. R. App. P. 22(a) ("An application for a writ of habeas corpus must be made to the appropriate district court. If made to a circuit judge, the application must be transferred to the appropriate district court.").

Federal habeas corpus relief is not available to challenge the constitutionality of a state child custody determination. Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 515-516 (1982) (holding that the federal writ of habeas corpus does not confer federal jurisdiction over child custody decisions); Middleton v. Att'ys Gen. of State of N.Y. & Penn., 396 F.3d 207, 209 (2d Cir. 2005) ("the federal courts do not have jurisdiction to review by means of a habeas application a state court's child-custody determination"); Jones-Bey v. Chen, No. 21-CV-6142, 2021 WL 4255056, at *5 (S.D.N.Y. Sept. 17, 2021).[3]

Accordingly, the transferred petition for a writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.[4]

---

[3] The Clerk of Court is respectfully directed to send plaintiff the attached copies of all unreported cases cited herein.
[4] If the Court adopts this Report, it should decline to issue a certificate of appealability, as plaintiff has not made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2553(c)(2). Likewise, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962).

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000); Spence v. Superintendent, Great Meadow Corr. Fac., 219 F.3d 162, 174 (2d Cir. 2000); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

SO ORDERED.

                                                                                  /S/
                                         LOIS BLOOM
                                         United States Magistrate Judge

Dated: October 5, 2023
       Brooklyn, New York